**EMPLOYEE JUSTICE LEGAL GROUP, P.C.**
KAVEH ELIHU (SBN 268249)
kelihu@ejlglaw.com
1001 Wilshire Blvd.
Los Angeles, California 90017
Telephone: (213) 382-2222
Facsimile: (213) 382-2230

Attorneys for Plaintiff
MARK AYALA

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

MARK AYALA, individually,

Plaintiff,

v.

NORDSTROM, INC., a Washington State corporation; and DOES 1 through 50, inclusive,

Defendants.

Case No. 8:25-cv-02035-DOC-JDE

**PLAINTIFF MARK AYALA'S FIRST AMNEDED COMPLAINT**

(1) Violation of California Labor Code §§ 510 and 1198 (Unpaid Overtime);

(2) Violation of California Labor Code §§ 226.7 and 512(a) (Unpaid Meal Period Premiums);

(3) Violation of California Labor Code § 226.7 (Unpaid Rest Period Premiums);

(4) Violation of California Labor Code §§ 1194, 1197, and 1197.1 (Unpaid Minimum Wages);

(5) Violation of California Labor Code §§ 201 and 202 (Final Wages Not Timely Paid);

(6) Violation of California Labor Code § 204 (Wages Not Timely Paid During Employment);

(7) Violation of California Labor Code § 226(a) (Non-Compliant Wage Statements);

(8) Violation of California Labor Code § 1174(d) (Failure To Keep Requisite Payroll Records);

(9) Violation of California Labor Code §§ 2800 and 2802 (Unreimbursed Business Expenses); and

(10) Violation of California Business & Professions Code §§ 17200, et seq.

11) Civil Penalties Under PAGA

COMES NOW, Plaintiff MARK AYALA ("Plaintiff"), individually, and alleges as follows:

**JURISDICTION AND VENUE**

1. This Court has jurisdiction over this matter pursuant to the Class Action Fairness Act.

2. This Court has jurisdiction over Defendants because, upon information and belief, Defendants are citizens of California, have sufficient minimum contacts in California, or otherwise intentionally avail themselves of the California market so as to render the exercise of jurisdiction over them by California federal courts consistent with traditional notions of fair play and substantial justice.

3. Venue is proper in this Court because, upon information and belief, Defendants maintain offices, have agents, employ individuals, and/or transact business in the Central District of California. The majority of acts and omissions alleged herein relating to Plaintiff took place in the State of California, including the County of Orange.

**PARTIES**

4. Plaintiff Mark Ayala is an individual residing in the State of California.

5. Defendant Nordstrom, Inc., at all times herein mentioned, was and is, upon information and belief, an employer whose employees are engaged throughout the State of California, including the County of Orange.

6. At all times herein relevant, Defendants, and DOES 1 through 100, and each of them, were the agents, partners, joint venturers, joint employers, representatives, servants, employees, successors-in-interest, co-conspirators and/or assigns, each of the other, and at all times relevant hereto were acting within the course and scope of their authority as such agents, partners, joint venturers, joint employers, representatives, servants, employees, successors, co-conspirators and/or assigns, and all acts or omissions alleged herein were duly committed with the ratification, knowledge, permission, encouragement, authorization and/or consent

of each defendant designated as a DOE herein.

7. The true names and capacities, whether corporate, associate, individual or otherwise, of defendants DOES 1 through 100, inclusive, are unknown to Plaintiff who sue said defendants by such fictitious names. Plaintiff is informed and believes, and based on that information and belief alleges, that each of the defendants designated as a DOE is legally responsible for the events and happenings referred to in this Complaint, and unlawfully caused the injuries and damages to Plaintiff as alleged in this Complaint.

8. Plaintiff further alleges that Defendants directly or indirectly controlled or affected the working conditions, wages, working hours, and conditions of employment of Plaintiff so as to make each of said Defendants employers liable under the statutory provisions set forth herein.

## GENERAL ALLEGATIONS

9. At all relevant times set forth herein, Defendants employed Plaintiff as an hourly-paid or non-exempt employee within the State of California, including the County of Orange.

10. Defendants, jointly and severally, employed Plaintiff as an hourly-paid, non-exempt employee, from approximately November 2016, to April 30, 2025, in the State of California, County of Orange.

11. Defendants hired Plaintiff, classified him as an hourly-paid or non-exempt employee, and failed to compensate him for all hours worked, failed to compensate him at correct hourly and overtime rates, and failed to compensate him for missed meal periods and/or rest breaks.

12. Defendants had the authority to hire and terminate Plaintiff, to set work rules and conditions governing Plaintiff's employment, and to supervise his daily employment activities.

13. Defendants exercised sufficient authority over the terms and conditions of Plaintiff's employment for them to be joint employers of Plaintiff.

14. Defendants directly hired and paid wages and benefits to Plaintiff.

15. Plaintiff worked over eight (8) hours in a day, and/or forty (40) hours in a week during his employment with Defendants.

16. Plaintiff is informed and believes, and based thereon alleges, that Defendants failed to pay him for all regular and/or overtime wages earned and for missed meal periods and rest breaks in violation of California law.

17. Plaintiff is informed and believes, and based thereon alleges, that Defendants knew or should have known that Plaintiff was entitled to receive certain wages for overtime compensation and that he was not receiving accurate overtime compensation for all overtime hours worked.

18. Plaintiff is informed and believes, and based thereon alleges, that Defendants failed to provide Plaintiff all required rest and meal periods during the his employment as required under the Industrial Welfare Commission Wage Orders and thus he is entitled to any and all applicable penalties.

19. Plaintiff is informed and believes, and based thereon alleges, that Defendants knew or should have known that Plaintiff was entitled to receive all meal periods or payment of one additional hour of pay at Plaintiff's regular rate of pay when a meal period was missed, and Plaintiff did not receive all meal periods or payment of one additional hour of pay at Plaintiff's regular rate of pay when a meal period was missed.

20. Plaintiff is informed and believes, and based thereon alleges, that Defendants knew or should have known that Plaintiff was entitled to receive all rest periods or payment of one additional hour of pay at Plaintiff's regular rate of pay when a rest period was missed, and Plaintiff did not receive all rest periods or payment of one additional hour of pay at Plaintiff's regular rate of pay when a rest period was missed.

21. Plaintiff is informed and believes, and based thereon alleges, that Defendants knew or should have known that Plaintiff was entitled to receive

compensation for all hours worked and while under the control of Defendant, and that Plaintiff was entitled to receive at least minimum wages for compensation and that he was not receiving wages, or minimum wages for all hours worked.

22. Plaintiff is informed and believes, and based thereon alleges, that Defendants knew or should have known that Plaintiff was entitled to receive all wages owed to him upon discharge or resignation, including overtime and minimum wages and meal and rest period premiums, and he did not, in fact, receive all such wages owed to him at the time of his discharge or resignation.

23. Plaintiff is informed and believes, and based thereon alleges, that Defendants knew or should have known that Plaintiff was entitled to receive all wages owed to him during his employment. Plaintiff did not receive payment of all wages, including overtime and minimum wages and meal and rest period premiums, within any time permissible under California Labor Code section 204.

24. Plaintiff is informed and believes, and based thereon alleges, that Defendants knew or should have known that Plaintiff was entitled to receive complete and accurate wage statements in accordance with California law, but, in fact, he did not receive complete and accurate wage statements from Defendants. The deficiencies included, inter alia, the failure to include the total number of hours worked by Plaintiff.

25. Plaintiff is informed and believes, and based thereon alleges, that Defendants knew or should have known that Defendants had to keep complete and accurate payroll records for Plaintiff in accordance with California law, but, in fact, did not keep complete and accurate payroll records.

26. Plaintiff is informed and believes, and based thereon alleges, that Defendants knew or should have known that Plaintiff was entitled to reimbursement for necessary business-related expenses.

27. Plaintiff is informed and believes, and based thereon alleges, that Defendants knew or should have known that they had a duty to compensate Plaintiff

pursuant to California law, and that Defendants had the financial ability to pay such compensation, but willfully, knowingly, and intentionally failed to do so, and falsely represented to Plaintiff that he was properly paid wages, all in order to increase Defendants' profits.

28. During the relevant time period, Defendants failed to pay overtime wages to Plaintiff for all overtime hours worked. Plaintiff was required to work more than eight (8) hours per day and/or forty (40) hours per week without overtime compensation for all overtime hours worked. Defendants also failed to correctly calculate overtime wages owed to Plaintiff for time when they worked overtime hours.

29. During the relevant time period, Defendants failed to provide all requisite uninterrupted meal and rest periods to Plaintiff.

30. During the relevant time period, Defendants failed to pay Plaintiff at least minimum wages for all hours worked.

31. During the relevant time period, Defendants failed to pay Plaintiff all wages owed to him upon discharge or resignation.

32. During the relevant time period, Defendants failed to pay Plaintiff all wages within any time permissible under California law, including, inter alia, California Labor Code section 204.

33. During the relevant time period, Defendants failed to provide complete or accurate wage statements to Plaintiff.

34. During the relevant time period, Defendants failed to keep complete or accurate payroll records for Plaintiff.

35. During the relevant time period, Defendants failed to reimburse Plaintiff for all necessary business-related expenses and costs.

36. During the relevant time period, Defendants failed to properly compensate Plaintiff pursuant to California law in order to increase Defendants' profits.

37. California Labor Code section 218 states that nothing in Article 1 of the Labor Code shall limit the right of any wage claimant to "sue directly . . . for any wages or penalty due to him [or her] under this article."

**FIRST CLAIM FOR RELIEF**

**(Violation of California Labor Code §§ 510 and 1198)**

**(Against NORDSTROM, INC., and DOES 1 through 100)**

38. Plaintiff incorporates by reference the allegations contained in Paragraphs 1 through 37, and each and every part thereof with the same force and effect as though fully set forth herein.

39. California Labor Code section 1198 and the applicable Industrial Welfare Commission ("IWC") Wage Order provide that it is unlawful to employ persons without compensating them at a rate of pay either time-and-one-half or two-times that person's regular rate of pay, depending on the number of hours worked by the person on a daily or weekly basis.

40. Specifically, the applicable IWC Wage Order provides that Defendants are and were required to pay Plaintiff at the rate of time-and-one-half for all hours worked in excess of eight (8) hours in a day or more than forty (40) hours in a workweek.

41. The applicable IWC Wage Order further provides that Defendants are and were required to pay Plaintiff overtime compensation at a rate of two times their regular rate of pay for all hours worked in excess of twelve (12) hours in a day.

42. California Labor Code section 510 codifies the right to overtime compensation at one-and-one-half times the regular hourly rate for hours worked in excess of eight (8) hours in a day or forty (40) hours in a week or for the first eight (8) hours worked on the seventh day of work, and to overtime compensation at twice the regular hourly rate for hours worked in excess of twelve (12) hours in a day or in excess of eight (8) hours in a day on the seventh day of work.

43. During the relevant time period, Plaintiff worked in excess of eight (8)

hours in a day, and/or in excess of forty (40) hours in a week.

44. During the relevant time period, Defendants intentionally and willfully failed to pay overtime wages owed to Plaintiff.

45. Defendants' failure to pay Plaintiff the unpaid balance of overtime compensation, as required by California laws, violates the provisions of California Labor Code sections 510 and 1198, and is therefore unlawful.

46. Pursuant to California Labor Code section 1194, Plaintiff is entitled to recover unpaid overtime compensation, as well as interest, costs, and attorneys' fees.

**SECOND CLAIM FOR RELIEF**

**(Violation of California Labor Code §§ 226.7 and 512(a))**

**(Against NORDSTROM, INC., and DOES 1 through 100)**

47. Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 46, and each and every part thereof with the same force and effect as though fully set forth herein.

48. At all relevant times, the IWC Order and California Labor Code sections 226.7 and 512(a) were applicable to Plaintiff's employment by Defendants.

49. At all relevant times, California Labor Code section 226.7 provides that no employer shall require an employee to work during any meal or rest period mandated by an applicable order of the California IWC.

50. At all relevant times, the applicable IWC Wage Order and California Labor Code section 512(a) provide that an employer may not require, cause or permit an employee to work for a work period of more than five (5) hours per day without providing the employee with a meal period of not less than thirty (30) minutes, except that if the total work period per day of the employee is no more than six (6) hours, the meal period may be waived by mutual consent of both the employer and employee.

51. At all relevant times, the applicable IWC Wage Order and California

Labor Code section 512(a) further provide that an employer may not require, cause or permit an employee to work for a work period of more than ten (10) hours per day without providing the employee with a second uninterrupted meal period of not less than thirty (30) minutes, except that if the total hours worked is no more than twelve (12) hours, the second meal period may be waived by mutual consent of the employer and the employee only if the first meal period was not waived.

52. During the relevant time period, Plaintiff was required to work for periods longer than five (5) hours without an uninterrupted meal period of not less than thirty (30) minutes and/or rest period.

53. During the relevant time period, Defendants intentionally and willfully required Plaintiff to work during meal periods and failed to compensate Plaintiff the full meal period premium for work performed during meal periods.

54. During the relevant time period, Defendants failed to pay Plaintiff the full meal period premium due pursuant to California Labor Code section 226.7.

55. Defendants' conduct violates applicable IWC Wage Order and California Labor Code sections 226.7 and 512(a).

56. Pursuant to applicable IWC Wage Order and California Labor Code section 226.7(c), Plaintiff is entitled to recover from Defendants one additional hour of pay at his regular rate of compensation for each work day that the meal or rest period was not provided.

## THIRD CLAIM FOR RELIEF

**(Violation of California Labor Code §§ 226.7)**

**(Against NORDSTROM, INC., and DOES 1 through 100)**

57. Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 56, and each and every part thereof with the same force and effect as though fully set forth herein.

58. At all times herein set forth, the applicable IWC Wage Order and California Labor Code section 226.7 were applicable to Plaintiff's employment by

Defendants.

59. At all relevant times, California Labor Code section 226.7 provides that no employer shall require an employee to work during any rest period mandated by an applicable order of the California IWC.

60. At all relevant times, the applicable IWC Wage Order provides that "[e]very employer shall authorize and permit all employees to take rest periods, which insofar as practicable shall be in the middle of each work period" and that the "rest period time shall be based on the total hours worked daily at the rate of ten (10) minutes net rest time per four (4) hours or major fraction thereof" unless the total daily work time is less than three and one-half (3 ½) hours.

61. During the relevant time period, Defendants required Plaintiff to work four (4) or more hours without authorizing or permitting a ten (10) minute rest period per each four (4) hour period worked.

62. During the relevant time period, Defendants willfully required Plaintiff to work during rest periods and failed to pay Plaintiff the full rest period premium for work performed during rest periods.

63. During the relevant time period, Defendants failed to pay Plaintiff the full rest period premium due pursuant to California Labor Code section 226.7.

64. Defendants' conduct violates applicable IWC Wage Orders and California Labor Code section 226.7.

65. Pursuant to the applicable IWC Wage Orders and California Labor Code section 226.7(c), Plaintiff is entitled to recover from Defendants one additional hour of pay at his regular hourly rate of compensation for each work day that the rest period was not provided.

**<u>FOURTH CLAIM FOR RELIEF</u>**

**(Violation of California Labor Code §§ 1194, 1197, and 1197.1)**

**(Against NORDSTROM, INC., and DOES 1 through 100**

66. Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 65, and each and every part thereof with the same force and effect as though fully set forth herein.

67. At all relevant times, California Labor Code sections 1194, 1197, and 1197.1 provide that the minimum wage to be paid to employees, and the payment of a lesser wage than the minimum so fixed is unlawful.

68. During the relevant time period, Defendants failed to pay minimum wage to Plaintiff as required, pursuant to California Labor Code sections 1194, 1197, and 1197.1.

69. Defendants' failure to pay Plaintiff the minimum wage as required violates California Labor Code sections 1194, 1197, and 1197.1. Pursuant to those sections Plaintiff is entitled to recover the unpaid balance of his minimum wage compensation as well as interest, costs, and attorney's fees, and liquidated damages in an amount equal to the wages unlawfully unpaid and interest thereon.

70. Pursuant to California Labor Code section 1197.1, Plaintiff is entitled to recover a penalty of $100.00 for the initial failure to timely pay him minimum wages, and $250.00 for each subsequent failure to pay him minimum wages.

71. Pursuant to California Labor Code section 1194.2, Plaintiff is entitled to recover liquidated damages in an amount equal to the wages unlawfully unpaid and interest thereon.

/ /

/ /

**FIFTH CLAIM FOR RELIEF**

**(Violation of California Labor Code §§ 201 and 202)**

**(Against NORDSTROM, INC., and DOES 1 through 100)**

72. Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 71, and each and every part thereof with the same force and effect as though fully set forth herein.

73. At all relevant times herein set forth, California Labor Code sections 201 and 202 provide that if an employer discharges an employee, the wages earned and unpaid at the time of discharge are due and payable immediately, and if an employee quits his or her employment, his or her wages shall become due and payable not later than seventy-two (72) hours thereafter, unless the employee has given seventy-two (72) hours' notice of his or her intention to quit, in which case the employee is entitled to his or her wages at the time of quitting.

74. During the relevant time period, Defendants intentionally and willfully failed to pay Plaintiff his wages, earned and unpaid, within seventy-two (72) hours of his leaving Defendants' employ.

75. Defendants' failure to pay Plaintiff within seventy-two (72) hours of his leaving Defendants' employ, is in violation of California Labor Code sections 201 and 202.

76. California Labor Code section 203 provides that if an employer willfully fails to pay wages owed, in accordance with sections 201 and 202, then the wages of the employee shall continue as a penalty from the due date thereof at the same rate until paid or until an action is commenced; but the wages shall not continue for more than thirty (30) days.

77. Plaintiff is entitled to recover from Defendants the statutory penalty wages for each day he was not paid, up to a thirty (30) day maximum pursuant to California Labor Code section 203.

**<u>SIXTH CLAIM FOR RELIEF</u>**

**(Violation of California Labor Code § 204)**

**(Against NORDSTROM, INC., and DOES 1 through 100)**

78. Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 77, and each and every part thereof with the same force and effect as though fully set forth herein.

79. At all times herein set forth, California Labor Code section 204 provides that all wages earned by any person in any employment between the 1st and 15th days, inclusive, of any calendar month, other than those wages due upon termination of an employee, are due and payable between the 16th and the 26th day of the month during which the labor was performed.

80. At all times herein set forth, California Labor Code section 204 provides that all wages earned by any person in any employment between the 16th and the last day, inclusive, of any calendar month, other than those wages due upon termination of an employee, are due and payable between the 1st and the 10th day of the following month.

81. At all times herein set forth, California Labor Code section 204 provides that all wages earned for labor in excess of the normal work period shall be paid no later than the payday for the next regular payroll period.

82. During the relevant time period, Defendants intentionally and willfully failed to pay Plaintiff all wages due to him, within any time period permissible under California Labor Code section 204.

83. Plaintiff is entitled to recover all remedies available for violations of California Labor Code section 204.

///

///

///

**<u>SEVENTH CLAIM FOR RELIEF</u>**

**(Violation of California Labor Code § 226(a))**

**(Against NORDSTROM, INC., and DOES 1 through 100)**

84. Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 83, and each and every part thereof with the same force and effect as though fully set forth herein.

85. At all material times set forth herein, California Labor Code section 226(a) provides that every employer shall furnish each of his or her employees an accurate itemized statement in writing showing (1) gross wages earned, (2) total hours worked by the employee, (3) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis, (4) all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item, (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee and his or her social security number, (8) the name and address of the legal entity that is the employer, and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee. The deductions made from payments of wages shall be recorded in ink or other indelible form, properly dated, showing the month, day, and year, and a copy of the statement or a record of the deductions shall be kept on file by the employer for at least three years at the place of employment or at a central location within the State of California.

86. Defendants have intentionally and willfully failed to provide Plaintiff with complete and accurate wage statements. The deficiencies include, but are not limited to: the failure to include the total number of hours worked by Plaintiff.

87. As a result of Defendants' violation of California Labor Code section 226(a), Plaintiff has suffered injury and damage to his statutorily-protected rights.

88. More specifically, Plaintiff has been injured by Defendants' intentional and willful violation of California Labor Code section 226(a) because he was denied both his legal right to receive, and his protected interest in receiving, accurate and

itemized wage statements pursuant to California Labor Code section 226(a).

89. Plaintiff is entitled to recover from Defendants the greater of his actual damages caused by Defendants' failure to comply with California Labor Code section 226(a), or an aggregate penalty not exceeding four thousand dollars per pay period.

90. Plaintiff is also entitled to injunctive relief to ensure compliance with this section, pursuant to California Labor Code section 226(h).

**EIGHTH CLAIM FOR RELIEF**

**(Violation of California Labor Code § 1174(d))**

**(Against NORDSTROM, INC., and DOES 1 through 100)**

91. Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 90, and each and every part thereof with the same force and effect as though fully set forth herein.

92. Pursuant to California Labor Code section 1174(d), an employer shall keep, at a central location in the state or at the plants or establishments at which employees are employed, payroll records showing the hours worked daily by and the wages paid to, and the number of piece-rate units earned by and any applicable piece rate paid to, employees employed at the respective plants or establishments. These records shall be kept in accordance with rules established for this purpose by the commission, but in any case shall be kept on file for not less than two years.

93. Defendants have intentionally and willfully failed to keep accurate and complete payroll records showing the hours worked daily and the wages paid, to Plaintiff.

94. As a result of Defendants' violation of California Labor Code section 1174(d), Plaintiff has suffered injury and damage to his statutorily-protected rights.

95. More specifically, Plaintiff has been injured by Defendants' intentional and willful violation of California Labor Code section 1174(d) because he was denied both his legal right and protected interest, in having available, accurate and

complete payroll records pursuant to California Labor Code section 1174(d).

**NINTH CLAIM FOR RELIEF**

**(Violation of California Labor Code §§ 2800 and 2802)**

**(Against NORDSTROM, INC., and DOES 1 through 100)**

96. Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 95, and each and every part thereof with the same force and effect as though fully set forth herein.

97. Pursuant to California Labor Code sections 2800 and 2802, an employer must reimburse an employee for all necessary expenditures incurred by the employee in direct consequence of the discharge of his or her job duties or in direct consequence of his or her obedience to the directions of the employer.

98. Plaintiff incurred necessary business-related expenses and costs that were not fully reimbursed by Defendants.

99. Defendants have intentionally and willfully failed to reimburse Plaintiff for all necessary business-related expenses and costs.

100. Plaintiff is entitled to recover from Defendants his business-related expenses and costs incurred during the course and scope of his employment, plus interest accrued from the date on which he incurred the necessary expenditures at the same rate as judgments in civil actions in the State of California.

**TENTH CLAIM FOR RELIEF**

**(Violation of California Business & Professions Code §§ 17200, et seq.)**

**(Against NORDSTROM, INC., and DOES 1 through 100)**

101. Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 100, and each and every part thereof with the same force and effect as though fully set forth herein.

102. Defendants' conduct, as alleged herein, has been, and continues to be, unfair, unlawful and harmful to Plaintiff. Accordingly, Plaintiff seeks to enforce important rights affecting the public interest within the meaning of Code of Civil

Procedure section 1021.5.

103. Defendants' activities as alleged herein are violations of California law, and constitute unlawful business acts and practices in violation of California Business & Professions Code section 17200, et seq.

104. A violation of California Business & Professions Code section 17200, et seq. may be predicated on the violation of any state or federal law. In this instant case, Defendants' policies and practices of requiring Plaintiff to work overtime without paying him proper compensation violate California Labor Code sections 510 and 1198. Additionally, Defendants' policies and practices of requiring Plaintiff to work through his meal and rest periods without paying him proper compensation violate California Labor Code sections 226.7 and 512(a). Defendants' policies and practices of failing to pay minimum wages violate California Labor Code sections 1194, 1197, and 1197.1. Moreover, Defendants' policies and practices of failing to timely pay wages to Plaintiff violate California Labor Code sections 201, 202 and 204. Defendants also violated California Labor Code sections 226(a), 1174(d), 2800 and 2802.

105. As a result of the herein described violations of California law, Defendants unlawfully gained an unfair advantage over other businesses.

106. Plaintiff has been personally injured by Defendants' unlawful business acts and practices as alleged herein, including but not necessarily limited to the loss of money and/or property.

107. Pursuant to California Business & Professions Code sections 17200, et seq., Plaintiff is entitled to restitution of the wages withheld and retained by Defendants during a period that commences four years preceding the filing of this Complaint; an award of attorneys' fees pursuant to California Code of Civil procedure section 1021.5 and other applicable laws; and an award of costs.

**Eleventh Claim for Relief**

**(Civil Penalties Under PAGA)**

**(Against NORDSTROM, INC., and DOES 1 through 100)**

108. Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 107, and each and every part thereof with the same force and effect as though fully set forth herein.

109. Plaintiff seeks civil penalties, only those penalties owed to him and not any penalties owed to other aggrieved employees, under the California Private Attorneys General Act ("PAGA") for Defendants' violation of the California Labor Code as set forth above and below.

**Failure To Pay Minimum, Regular And Overtime Wages**

Plaintiff alleges that he was not compensated all minimum, regular, and overtime wages for all hours or fraction of hours worked. Specifically, Defendants require Plaintiff to go through security checks before entering Defendant's facilities and clocking in as well as to travel under the Defendants' control without being compensated. Particularly, Plaintiff needed to undergo security searches and travel under Defendants' control — time for which he was not paid.

**Failure To Provide Legally Complaint Meal Periods**

Defendants' policies, security searches, and exercise of control over Plaintiff during his unpaid meal break time constituted work time, not break time and reduced his breaks beyond the minimal meal break time. Nonetheless, Defendants did not pay Plaintiff meal break premium payments owed as a result of said violations. Plaintiff seeks to pursue all available remedies, including recovery of wages, interest, attorney's fees and costs and penalties to the extent allowed by law.

**Failure To Provide Legally Compliant Rest Breaks**

Defendants did not provide Plaintiff the opportunity to take compliant rest periods. Pertinently, Defendants did not allow Plaintiff to take break periods outside

of rest areas. Nonetheless, Defendant required Plaintiff to clock out before traveling to the rest area, which required several minutes of travel, inclusive of return time. Thus, Plaintiff's rest periods consistently lasted less than 10 minutes. Furthermore, Defendants required Plaintiff go through security checks, including metal detectors, when he entered and left break areas—which contributes to the travel time to and from Defendants' break areas.

**Failure To Provide Accurate Itemized Wage Statements**

Defendants failed to provide Plaintiff with accurate itemized wage statements complying with the requirements of Labor Code 226 and the applicable IWC Wage Order. Pertinently, Defendants failed to compensate Plaintiff for overtime, including time spent going through security checks at the beginning of shifts and foregoing compliant rest and meal periods. Furthermore, Defendants failed to provide Plaintiff with compliant meal and rest periods or provide compensation in lieu thereof. Thus, because Defendants failed to compensate for all hours Plaintiff was actually on-duty or foregoing proper meal and rest breaks, Defendant failed to record and pay for all hours worked by Plaintiff, as well as record one additional hour of pay for each workday that a code-compliant meal or rest period was not provided to Plaintiff.

**Failure To Maintain Accurate Records**

Defendants failed to maintain records as set forth in section 1174 of the Labor Code and the "Records" section of the applicable IWC Wage Order including but not limited to, accurately recording Plaintiff's total hours of compensable overtime, missed meal and rest periods, and applicable rates of pay. For instance, upon information and belief, Defendants' records do not show with accuracy and requisite specificity when Plaintiff took compliant meal periods or breaks during shifts or otherwise received compensation in lieu thereof. Furthermore, upon information and belief, Defendants' records do not show the time Plaintiff spent going through security checks before the start of his shifts.

**<u>Failure to Timely Pay Wages During Employment And Upon Termination Of Employment</u>**

Defendants failed to pay Plaintiff all minimum, regular, overtime, and meal and rest period wages due and owing during Plaintiff's employment. Defendants willfully failed to pay Plaintiff all wages when required by Sections 201 and 202 of the Labor Code, including but not limited to overtime, regular time, minimum wage, and premiums owed for missed meal and rest breaks. Therefore, Defendants owe waiting time penalties to Plaintiff.

**<u>Failure To Provide Suitable Seating</u>**

Plaintiff often worked shifts that require standing in one general area to accomplish tasks requiring little and sporadic movement, including but not limited to overseeing the packaging and movement of boxes. However, Defendants did not allow Plaintiff to sit down while compliant with his duties, nor do Defendants place seats near work areas so that Plaintiff could sit while performing suitable work tasks.

**<u>Civil Penalties For Violation Of The Labor Code</u>**

Defendants underpaid Plaintiff by failing to pay him all missed meal and rest period wages as well as all proper overtime wages as required by Labor Code sections 201, 202, 203, 204, 210, 226, 226.7, 510, 512, 1174, 1174.5, 1175, 1194, 1194.2, 1197, 1198, and the applicable sections of the IWC Wage Order. Consequently, Plaintiff seeks all available remedies, including those provided by PAGA, for these violations, including those set forth under Labor Code sections 558 and 1197.1.

## <u>DEMAND FOR JURY TRIAL</u>

Plaintiff, individually, requests a trial by jury.

## <u>PRAYER FOR RELIEF</u>

WHEREFORE, Plaintiff, individually, prays for relief and judgment against Defendants, jointly and severally, as follows:

**As to the First Claim for Relief**

That the Court declare, adjudge and decree that Defendants violated California Labor Code sections 510 and 1198 and applicable IWC Wage Orders by willfully failing to pay all overtime wages due to Plaintiff;

For general unpaid wages at overtime wage rates and such general and special damages as may be appropriate;

For pre-judgment interest on any unpaid overtime compensation commencing from the date such amounts were due;

For reasonable attorneys' fees and costs of suit incurred herein pursuant to California Labor Code section 1194; and

For such other and further relief as the Court may deem just and proper.

**As to the Second Claim for Relief**

That the Court declare, adjudge and decree that Defendants violated California Labor Code sections 226.7 and 512 and applicable IWC Wage Orders by willfully failing to provide all meal periods (including second meal periods) to Plaintiff;

That the Court make an award to Plaintiff of one (1) hour of pay at his regular rate of compensation for each workday that a meal period was not provided;

For all actual, consequential, and incidental losses and damages, according to proof;

For premium wages pursuant to California Labor Code section 226.7(c);

For pre-judgment interest on any unpaid wages from the date such amounts were due;

For reasonable attorneys' fees and costs of suit incurred herein; and

For such other and further relief as the Court may deem just and proper.

**As to the Third Claim for Relief**

That the Court declare, adjudge and decree that Defendants violated California Labor Code section 226.7 and applicable IWC Wage Orders by willfully

failing to provide all rest periods to Plaintiff;

That the Court make an award to Plaintiff of one (1) hour of pay at his regular rate of compensation for each workday that a rest period was not provided;

For all actual, consequential, and incidental losses and damages, according to proof;

For premium wages pursuant to California Labor Code section 226.7(c);

For pre-judgment interest on any unpaid wages from the date such amounts were due;

and

For such other and further relief as the Court may deem just and proper.

**<u>As to the Fourth Claim for Relief</u>**

That the Court declare, adjudge and decree that Defendants violated California Labor Code sections 1194, 1197, and 1197.1 by willfully failing to pay minimum wages to Plaintiff;

For general unpaid wages and such general and special damages as may be appropriate;

For statutory wage penalties pursuant to California Labor Code section 1197.1 for Plaintiff in the amount as may be established according to proof at trial;

For pre-judgment interest on any unpaid compensation from the date such amounts were due;

For reasonable attorneys' fees and costs of suit incurred herein pursuant to California Labor Code section 1194(a);

For liquidated damages pursuant to California Labor Code section 1194.2; and

For such other and further relief as the Court may deem just and proper.

**<u>As to the Fifth Claim for Relief</u>**

That the Court declare, adjudge and decree that Defendants violated California Labor Code sections 201, 202, and 203 by willfully failing to pay all

compensation owed at the time of termination of the employment of Plaintiff;

For all actual, consequential, and incidental losses and damages, according to proof;

For statutory wage penalties pursuant to California Labor Code section 203 for Plaintiff;

For pre-judgment interest on any unpaid compensation from the date such amounts were due; and

For such other and further relief as the Court may deem just and proper.

**As to the Sixth Claim for Relief**

That the Court declare, adjudge and decree that Defendants violated California Labor Code section 204 by willfully failing to pay all compensation owed at the time required by California Labor Code section 204 to Plaintiff;

For all actual, consequential, and incidental losses and damages, according to proof;

For pre-judgment interest on any unpaid compensation from the date such amounts were due; and

For such other and further relief as the Court may deem just and proper.

**As to the Seventh Claim for Relief**

That the Court declare, adjudge and decree that Defendants violated the record keeping provisions of California Labor Code section 226(a) and applicable IWC Wage Orders as to Plaintiff, and willfully failed to provide accurate itemized wage statements to him;

For actual, consequential and incidental losses and damages, according to proof;

For statutory penalties pursuant to California Labor Code section 226(e);

For injunctive relief to ensure compliance with this section, pursuant to California Labor Code section 226(h); and

For such other and further relief as the Court may deem just and proper.

**As to the Eighth Claim for Relief**

That the Court declare, adjudge and decree that Defendants violated California Labor Code section 1174(d) by willfully failing to keep accurate and complete payroll records for Plaintiff as required by California Labor Code section 1174(d);

For actual, consequential and incidental losses and damages, according to proof;

For statutory penalties pursuant to California Labor Code section 1174.5; and

For such other and further relief as the Court may deem just and proper.

**As to the Ninth Claim for Relief**

That the Court declare, adjudge and decree that Defendants violated California Labor Code sections 2800 and 2802 by willfully failing to reimburse Plaintiff for all necessary business-related expenses as required by California Labor Code sections 2800 and 2802;

For actual, consequential and incidental losses and damages, according to proof;

For the imposition of civil penalties and/or statutory penalties;

For reasonable attorneys' fees and costs of suit incurred herein; and

For such other and further relief as the Court may deem just and proper.

**As to the Tenth Claim for Relief**

That the Court decree, adjudge and decree that Defendants violated California Business and Professions Code sections 17200, et seq. by failing to provide Plaintiff all overtime compensation due to him, failing to provide all meal and rest periods to Plaintiff, failing to pay at least minimum wages to Plaintiff, failing to pay Plaintiff's wages timely as required by California Labor Code section 201, 202 and 204 and by violating California Labor Code sections 226(a), 1174(d), 2800 and 2802.

For restitution of unpaid wages to Plaintiff and all pre-judgment interest from the day such amounts were due and payable;

For reasonable attorneys' fees and costs of suit incurred herein pursuant to California Code of Civil Procedure section 1021.5;

For injunctive relief to ensure compliance with this section, pursuant to California Business and Professions Code sections 17200, et seq.;

**As to the Eleventh Claim for Relief**

That the Court decree, adjudge and decree that Defendants violated the California Labor Code sections discussed throughout this First Amended Complaint, including sections 201, 202, 203, 204, 210, 226, 510, 512, 1194, 1197, 1197.1by failing to provide Plaintiff all overtime compensation due to him, failing to provide all meal and rest periods to Plaintiff, failing to pay at least minimum wages to Plaintiff, failing to pay Plaintiff's wages timely as required by California Labor Code section 201, 202 and 204 and by violating California Labor Code sections 226(a), 1174(d), 2800 and 2802;

For civil penalties owed—only to Plaintiff and to no other aggrieved employee–under PAGA for violation of each of the Labor Code sections and the Wage Order provisions discussed throughout this First Amended Complaint;

For reasonable attorneys' fees and costs of suit incurred herein pursuant to PAGA; and

For such other and further relief as the Court may deem just and proper.

DATED: 7/23/2026

**EMPLOYEE JUSTICE LEGAL GROUP, P.C.**

By: */s/ Kaveh Elihu*
Kaveh Elihu

Attorneys for Plaintiff
MARK AYALA